UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| SCOTT CRIDER, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-cv-660 |
| | ) |
| v. | ) Honorable Joseph G. Scoville |
| | ) |
| HIGHMARK LIFE INSURANCE CO., | ) |
| | ) **MEMORANDUM OPINION** |
| Defendant. | ) |
| _____ | ) |

In this ERISA action, the court has determined that defendant's cessation of long-term disability benefits under the Group Disability Policy does not withstand judicial review under either the *de novo* standard or the arbitrary and capricious standard. (Op., docket # 21). On September 14, 2006, the court entered an interim order (docket # 22) compelling defendant Highmark Life Insurance Company to reinstate plaintiff's LTD benefits, beginning with the benefit payable in October 2006. The interim order also required defendant to file a schedule of benefits payable to plaintiff in the months November 2004 through September 2006, along with a prejudgment interest calculation.

Defendant filed a timely statement of benefits due (docket # 23), which calculated the amount of benefits plus interest owing to plaintiff totaling $46,555.55. Defendant's statement asserted, however, that defendant is entitled to subtract from this amount certain overpayments made to plaintiff in the past caused by plaintiff's receipt of worker's disability compensation benefits during the time he was paid LTD benefits under the Group Policy. Relying on the provisions of the

Group Policy governing "Income From Other Sources," defendant asserted an offset in the principal amount of $27,718.36, which it contended represents overpayments created by plaintiff's collection of worker's compensation benefits.

Within the time allowed by the interim order, plaintiff filed an objection to defendant's calculation, raising three essential issues: (1) defendant abandoned its claim by failing to plead it; (2) defendant has already collected the amounts it now seeks to recover, through withholdings made from past benefit payments; and (3) equitable principles applicable to ERISA actions preclude defendant's right to recovery. (docket # 24). After plaintiff was forced to respond to defendant's statement, defendant filed a second statement of benefits due (docket # 26) abandoning its claim for setoff, conceding that defendant had already deducted from plaintiff's disability benefits all appropriate setoffs arising from worker's compensation payments. Apparently, defendant investigated this issue only after representing to the court that plaintiff had been overpaid. As a consequence of defendant's latest concession, the parties are now agreed that the amount of past-due benefits due to plaintiff through September 30, 2006, is $46,555.55, including interest.

The only impediment to the entry of judgment for this amount is defendant's October 6, 2006 motion for reconsideration. (docket # 25). In its motion, defendant asks the court to reconsider its decision to apply a *de novo* standard of review. The court determined that the *de novo* standard was appropriate because the record did not reflect a delegation of discretionary authority to the claims administrator, Broadspire Services, Inc., the entity that made the decision to terminate benefits. In support of its motion for reconsideration, defendant has submitted to the court six pages of a 52-page Service Agreement between Highmark Life Insurance Company and Broadspire Services, Inc. under which the insurance company delegated to Broadspire "discretionary authority

to render eligibility determinations following the initial claim submission, as well as interpreting the terms of the Plan. . . ."  (docket # 25, Ex. 1, ¶ 19(B)).  On this basis, defendant asks the court to reconsider and reverse its finding that a *de novo* standard of review applies and to reconsider its decision to overturn the claim denial.

Motions for reconsideration are governed by this court's Local Civil Rule 7.4(a).  Judge Quist has explained the standards for deciding motions for reconsideration under this rule:

> To prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but [must] also show that a different disposition of the case must result from a correction thereof."  LCivR 7.4(a).  Moreover, a motion for reconsideration may not be used to raise issues that could have been raised in the previous motion, or to introduce evidence which could have been proffered during the pendency of a summary judgment motion.

*Aero-Motive Co. v. Great Am. Ins.*, 302 F. Supp. 2d 738, 740 (W.D. Mich. 2003) (citations omitted); *accord Hansmann v. Fidelity Investing Inst. Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003).  Under these standards, defendant is not entitled to reconsideration, on both procedural and substantive grounds.

Procedurally, defendant's motion is out of order, because the evidence that it now seeks to introduce should have been included in the administrative record.  The January 18, 2006 Case Management Order (docket # 13, ¶ 1) required defendant to file the administrative record within thirty days thereof.  Defendant filed the administrative record on February 10, 2006.  (*See* docket # 15).  The Service Agreement was not included.  When defendant filed its substantive brief (docket # 19), in which defendant asserted that Broadspire had been delegated authority to make decisions under the Plan, defendant did not apprise the court of the existence of the Service Agreement or seek to supplement the record.  Defendant sought to raise the existence of the Service

Agreement only after the court rendered its decision.  The court has already noted that the administrative record submitted by defendant was shamefully disorganized.  (Op. at 1, n.1, docket # 21).  Now it appears that the record was also incomplete, and wilfully so.  Defendant's motion for reconsideration admits that defendant did not attach the Service Agreement to its prior brief "because it contended the language of the group insurance policy established a basis for the arbitrary and capricious standard of review."  (Motion, n.1, docket # 25).  In other words, defendant apparently wilfully withheld evidence on the assumption that the evidence it did present would be sufficient.  No court can countenance such a dereliction, and no litigant guilty of this conduct is entitled to reconsideration under any standard.

In addition, defendant's motion for reconsideration lacks substantive merit.  As noted in the court's opinion, a delegation of discretionary authority, to be valid under 29 U.S.C. § 1105(c)(1) must be made in the ERISA plan itself or in the Summary Plan Description.  (*See* Op. at 22-25).  The delegation that defendant now attempts to rely upon is not found in the Plan or a summary plan description, but in a separate Service Agreement that is not referred to, even tangentially, in the Plan documents.  As the court has noted previously, the Plan documents themselves are absolutely silent on the issue of delegation.  Defendant has not cited any authority supporting the proposition that a delegation in these circumstances is sufficient to comply with the requirements of section 1105(c)(1).

Finally, application of a different standard of review in this case would not lead to a different disposition.  This court's opinion explicitly found that application of the more lenient arbitrary and capricious standard would lead to the same result in the case, as both Broadspire's and

Highmark's decisions were irrational. (Op. at 41-42). The court therefore concluded that "the termination decision does not withstand scrutiny under any standard of review." (*Id.* at 42).

## Conclusion

For the foregoing reasons, defendant's motion for reconsideration will be denied, and a final judgment will be entered in favor of plaintiff.


Dated:  October 16, 2006                  /s/  Joseph G. Scoville
                                          United States Magistrate Judge