UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SCOTT CRIDER, | ) |
| | ) |
|     Plaintiff, | )   Case No. 1:05-cv-660 |
| | ) |
| v. | )   Honorable Joseph G. Scoville |
| | ) |
| HIGHMARK LIFE INSURANCE CO., | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

**OPINION ON ATTORNEY'S FEES AND COSTS**

This was an ERISA action brought by a plan participant for reinstatement of benefits under a group long-term disability policy provided by plaintiff's former employer. By memorandum opinion and order entered September 14, 2006, this court determined that the decision to terminate plaintiff's benefits was not sustainable either under the arbitrary and capricious or the *de novo* standard of review. The court therefore ordered reinstatement of plaintiff's benefits and an accounting by defendant of past-due payments. By opinion and judgment entered October 16, 2006, the court entered judgment for plaintiff in the amount of $46,555.55, representing the stipulated amount of past benefits and accrued interest. The judgment allowed plaintiff to petition for attorney's fees in accordance with Rule 54(d)(2) of the Federal Rules of Civil Procedure. Plaintiff has now filed a timely motion for attorney's fees (docket # 32), seeking fees in the amount of $25,865.00. Plaintiff has also filed a bill of costs (docket # 34), seeking only the recovery of the

statutory filing fee, 28 U.S.C. § 1920(1), in the amount of $250.00. Defendant has filed timely objections to the award of fees, but does not contest recovery of costs.

## Discussion

### I. Entitlement to Attorney's Fees

In an action by a plan participant for recovery of benefits under an ERISA plan, the district court has discretion to award a reasonable attorney's fee. "In any action under the subchapter . . . by a participant, a beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Court of Appeals reviews a district court's determination under an abuse-of-discretion standard. *See Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 620 (6th Cir. 1998). In exercising its discretion, the court must examine each of the five factors established by the Court of Appeals in *Secretary of Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) (*per curiam*). The *King* factors are as follows: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *See Moon v. UNUM Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006). No single factor is determinative, and the court must therefore consider each factor before exercising its discretion. *Moon*, 461 F.3d at 642-43. In the Sixth Circuit, there is no presumption in favor of the award of attorney's fees in an ERISA case. *Id.* at 643.

The parties disagree on virtually every *Moon* factor, so the court will make findings on each factor in turn.

Degree of Culpability or Bad Faith. In its opinion of September 14, 2006, the court found that the decision of defendant's claims administrator, Broadspire Services, to terminate plaintiff's long-term disability benefits did not withstand judicial scrutiny. Although the claims administrator reasonably concluded that plaintiff was capable of performing sedentary work, or perhaps a severely limited range of light work, the claims administrator performed a perfunctory analysis of the vocational issue. The identification of three supervisory jobs, all of which required the ability to perform a full range of light work, failed to take into account the significant and undisputed nonexertional limitations that plaintiff faced. When plaintiff appealed this denial to the defendant insurance company, the insurance company had further medical evaluations performed. The evaluation by the insurance company's own doctor, Dr. Posner, reduced plaintiff's residual functional capacity to sedentary work only. Heedless of this finding, the insurance company affirmed termination of plaintiff's benefits, on the basis of the alleged availability of the same three supervisory jobs, all of which required the ability to perform a full range of light work. In its previous opinion, the court labeled this conclusion as "irrational." (Op. at 41, docket # 21).

On the basis of these findings, the court has no hesitancy in concluding that the insurance company's conduct in this case was highly culpable. In order to award attorney's fees, the district court need not find that a defendant acted in subjective bad faith. *See Moon*, 461 F.3d at 643. It is sufficient to find that the defendant ignored evidence or selectively relied on information. *Id.* at 643-44. In the present case, defendant's claims administrator was at least perfunctory in

concluding that plaintiff could perform three supervisory jobs involving a full range of limited work, despite his partial blindness, dependency on narcotic pain killers, and the postural limitations imposed by all of the medical experts. Defendant's decision on appeal was even more culpable, because defendant's own physician had downgraded plaintiff's residual functional capacity to sedentary work, while the only jobs identified during the administrative process required a full range of light work. The insurance company could have come to its conclusion only through gross negligence or under a strong compulsion to deny benefits regardless of the evidence. It is not necessary for present purposes for the court to make any determination about defendant's subjective state of mind. Suffice it to say that defendant's error was not "an honest mistake" but represented a gross error.

In arguing against a finding of culpability, defendant points to the court's finding that defendant itself had no meaningful involvement in deciding that plaintiff's benefits should be terminated. (Brief, docket # 35, at 3). This assertion is only half true. It is clear from the record that Broadspire Services decided to terminate plaintiff's benefits and did so, pursuant to authority delegated to it by defendant. Thereafter, however, plaintiff appealed to the defendant insurance company, which made its own determination. Consequently, two points bear emphasis. First, Broadspire was acting under a delegation of authority from the defendant insurance company, who is ultimately responsible for the acts and omissions of its agent. An ERISA fiduciary cannot escape liability by parceling out responsibility to others. Second, and more important, defendant is culpable for its own conduct in deciding plaintiff's appeal.

The first relevant *King* factor weighs heavily in favor of an award of attorney's fees.

<u>Defendant's Ability to Satisfy an Award of Fees</u>.  Defendant "concedes that it has the ability to pay a fee award."  (Brief, docket # 35, at 3).  Defendant, of course, asserts that an award would nevertheless be improper.  The narrow focus of the second *King* factor, however, involves ability to pay.  This factor therefore weighs in favor of an award.

<u>The Deterrent Effect of an Award on Other Persons Under Similar Circumstances</u>. The need to deter other insurance companies from denying benefits on the basis of perfunctory analysis is strong.  The Sixth Circuit Court of Appeals has noted more than once that an insurance company acting as a fiduciary under ERISA labors under a patent conflict of interest, because the insurance company itself is responsible for making benefit payments.  *See Calvert v. FirStar Fin., Inc.*, 409 F.3d 286, 292 (6th Cir. 2005); *University Hosps. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 n.4 (6th Cir. 2000).  The monetary incentive for the insurance company to deny a claim makes patent "the potential for self-interested decision making."  *Emerson*, 202 F.3d at 846 n.4.  As noted in this court's opinion of September 14, 2006, there is evidence in the record to support a conclusion that the insurance company engaged in a campaign of evaluation and re-evaluation of plaintiff's claim, in a single-minded effort to document reasons for denial.  (Op. at 42). From a purely economic point of view, this is rational behavior.  From a fiduciary point of view, it is not.  If the only consequence of an arbitrary denial of benefits is the chance of being sued and a possibility of reinstatement of benefits at some future date, insurance companies with this strong conflict of interest will have little incentive to adhere to their fiduciary obligations.  An order merely requiring reinstatement of benefits presents no "downside" to an insurer contemplating a questionable termination.  The need for deterrence does not loom so large where the fiduciaries are

members of an appeal committee, making disinterested decisions in which they have no financial stake. Where, as here, an insurance company fiduciary arbitrarily terminates benefits, and thereby serves its own self-interest, the need to deter like conduct is strong.

In arguing against the need for a deterrent effect, defendant raises another in a string of red herring arguments presented in this case. Defendant argues that an award against the plan insurer itself would have little, if any, deterrent effect on an independent third-party administrator actually making the decision. (Brief, docket # 35, at 3-4). This argument is based upon the naive assumption that insurance companies issue no directions to claims administrators, who act with complete autonomy. This is simply not the case. An award of attorney's fees against an insurance company will certainly create an incentive for other insurance companies to direct their claims administrators to act reasonably.

Conferral of a Common Benefit or Resolution of Significant Legal Questions. Although plaintiff argues that this court's opinion will have consequences beyond this particular litigation, the court does not agree. ERISA benefit cases tend to be fact-bound, and this case is no exception. The court was not called upon to resolve any unsettled issue of law, nor does it appear that this decision will have any significant effect on other claimants.

Relative Merits of the Parties' Positions. This factor is closely related to the first *King* factor. In light of the court's finding that the insurance company's decisions were arbitrary and even irrational, one must conclude that plaintiff's position is clearly stronger than defendant's.

In conclusion, the court determines that four out of five of the *King* factors weigh in favor of an award of benefits. The Sixth Circuit has remarked, however, that the factors are not

statutory and are typically not dispositive. *Moon*, 461 F.3d at 643. Rather, they are considerations representing a flexible approach. Consequently, the court further finds that even apart from the *King* factors, the equities favor plaintiff on the question of attorney's fees. Plaintiff was forced to retain counsel in an effort to overturn a rather indefensible denial of benefits. Defendant contested the claim vigorously, even moving for reconsideration after the court's dispositive decision. Furthermore, when ordered to file an accounting of past benefits due, defendant asserted a claim for a setoff that plaintiff's counsel was forced to demonstrate was baseless. The weight of the *King* factors indicates an award of a reasonable fee, and the court is aware of no substantial reason to deny the application for fees.

    **II.    Calculation of Reasonable Fee**

In assessing the reasonableness of statutory attorney's fees, the federal courts generally follow the "lodestar" approach first enunciated by the Supreme Court for civil rights cases under 42 U.S.C. § 1988 in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). ERISA cases are no exception. *See Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 620-21 (6th Cir. 1998) (applying lodestar); *Building Servs. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995) (same). This court's analysis of plaintiff's petition for statutory fees under ERISA therefore must begin with a review of the "lodestar": "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. In calculating the "reasonable hourly rate" component of the lodestar computation, the trial court should initially assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that rate which lawyers of comparable skill and

experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). After the lodestar has been determined, the court may increase or decrease the award on the basis of twelve factors identified as relevant by the Supreme Court in *Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989). *See Barnes v. City of Cincinnati*, 401 F.3d 729, 745-46 (6th Cir. 2005).[1]

Plaintiff's counsel has submitted time records documenting the expenditure of 71.8 attorney hours at $350.00 per hour and 9.8 hours by a legal assistant at $75.00 per hour. Counsel has supported the quoted hourly rates by affidavit. Defendant has not presented any evidence or argument to counter the reasonableness of the claimed hourly rates. In the absence of any contrary argument or evidence, the court accepts as reasonable the rates claimed by plaintiff's counsel.

Defendant has, however, challenged as excessive certain items contained in counsel's detailed itemization of services rendered. First, defendant contests the expenditure of a total of 2.5 hours on May 6, May 19, and May 23, 2005, spent by a paralegal in obtaining and reviewing records from treating physicians. (docket # 35 at 4). Defendant properly points out that review in an ERISA case is limited to medical evidence and other contents of the administrative record. Obtaining and reviewing medical evidence outside the administrative record was therefore unnecessary to the prosecution of this ERISA case. The court will disallow 2.5 hours of paralegal time at $75.00 per hour.

---

[1] Defendant suggests that the court should not base an award on the lodestar approach, but should limit attorney's fees to one-third of the amount recovered, because plaintiff's counsel has a one-third contingency agreement with his client. (docket # 35 at 4). Defendant cites no authority for such a proposition, nor could it. The law is clear that the lodestar approach applies notwithstanding a contingent fee agreement between plaintiff and his attorney. *See Blanchard*, 489 U.S. at 92-93; *Fuhr v. School Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). The court will therefore decline defendant's invitation to commit error.

Defendant also challenges the expenditure of 6.6 hours devoted to preparation of the motion for attorney's fees and costs. (docket # 35 at 4). The court concurs that drafting a two-page motion and six-page supporting brief, in which only one controlling Sixth Circuit case was cited, should not have consumed almost one day of time. Three hours should have been sufficient for this task. The court will therefore reduce the time entry for October 24, 2006, to 3 hours, disallowing 3.6 hours claimed.

Finally, defendant contests 8 hours expended on October 25, 2006, for research, preparation of a proposed amended complaint, and motion to amend and motion and brief in support of a request for sanctions. (docket # 35 at 5). This entry is puzzling to the court, as by October 25, final judgment had already been entered and all disputed issues, except for the taxation of attorney's fees and costs, had been resolved. No amended complaint, motion for sanctions, or supporting briefs were actually filed with the court. The court agrees that the expenditure of eight hours for these tasks did not contribute to the result achieved in this case and is not compensable.

The court will therefore disallow 2.5 hours of paralegal time at $75.00 per hour and 11.6 hours of attorney time at $350.00 per hour, for a total deduction of $4,247.50. The court has reviewed the remaining time entries, even though they were not objected to, and finds them to be reasonable. Therefore, the court determines that the lodestar amount is $21,617.50 ($25,865.00 claimed minus $4,247.50 deduction). The court has considered the twelve *Johnson* factors identified by the Supreme Court as relevant to a decision whether to adjust the lodestar amount. *See Barnes*, 410 F.3d at 475-76. The court finds that all of those factors are adequately reflected in the lodestar amount and that no factor justifies either a reduction or enhancement of the fee.

**Conclusion**

For the foregoing reasons, the court will enter judgment for costs in the amount of $250.00 and for statutory attorney's fees pursuant to 29 U.S.C. § 1132(g) in the amount of $21,617.50.


Dated:  November 21, 2006            /s/  Joseph G. Scoville
                                     United States Magistrate Judge